FRANK PEOPLES v. J. RICHMOND AUBREY AND OTHERS.[1]

April 19, 1929.

No. 27,175.

James Robertson, Brown S. Smith and Hammond Turner, for appellant.

C. J. Cahaley and A. B. Jackson, for respondent.

[1]Reported in 225 N. W. 14.

Hilton, J.

Defendant Aubrey appeals from a judgment. Action to determine adverse claims to a dwelling house property in Minneapolis. The complaint alleged equitable ownership in plaintiff; the answer claimed such ownership in defendant Aubrey and alleged fraud and false representations in the securing of the assignment hereinafter referred to.

On April 6, 1920, Aubrey, the holder as grantee of a contract for a deed to said property on which he was in default in two payments of $30 each and $76.15 in taxes, was in jail charged with manslaughter in the first degree. On May 10 he was incarcerated in Stillwater state prison for said crime. On said April 6 he assigned the contract to plaintiff. Aubrey needed $400 with which to pay counsel for his defense. Plaintiff claimed the consideration paid by him for the assignment was $500—the $400 to the attorney and $100 in addition given to Aubrey's wife for her maintenance. Defendant testified that he thought he was signing a contract making plaintiff his rental agent, and that he himself furnished the $400 referred to by money secured from a mortgage on his furniture and various amounts secured from other sources. The court found that defendant's contentions were unfounded, and the evidence amply supports the findings. Plaintiff must have paid at least $361.76 of the lawyer's fee.

Plaintiff for a number of months collected rent from the premises and for several years thereafter occupied and now occupies the premises. He made all needed payments on the contract for a deed, made necessary improvements, paid taxes, interest on an outstanding mortgage, all totaling $6,524.47. The rental value of the property from the time of the assignment of the contract to him and until the last trial was $3,790.

The case was tried in December, 1926, to a jury which found, in answer to a specific question submitted, that the defendant Aubrey was the owner of the property. The court at that trial set the verdict aside and granted a new trial on the ground that the evidence did not justify the verdict. It was then brought before another

judge and jury, but the jury was dismissed and the case continued. In September, 1927, it was again tried before still another judge and jury, which reported inability to agree on a verdict and was discharged.

The trial from the result of which this appeal was taken was had in November, 1927, before a fourth judge and jury, which answered the question "Was the assignment of contract for deed procured by fraud?" in the affirmative. Upon the coming in of that verdict, plaintiff moved for judgment notwithstanding the verdict, which was denied. It then came on before the court for further hearing on January 31, 1928, when attorneys for plaintiff moved that the verdict of the jury be set aside and disregarded on the ground that the same was not justified by the evidence and was contrary to law and that the court proceed to hear such further evidence as might be presented by either side and determine said cause by findings. On this motion the court set aside the special verdict of the jury as not being justified by the evidence. Defendant Aubrey did not object to the taking of further testimony, after which the court made findings.

Plaintiff's motion should have been to set aside the verdict and for a new trial. However defendant did not except to the action taken by the court; the trial continued. No motion for a new trial was made by defendant after the making of findings so that a correction of errors could be made, and the appeal here is from the judgment.

The findings were in part to the effect that Aubrey knew that he was executing an assignment of the contract for a deed; that there was an understanding between plaintiff and defendant and defendant's wife that it would be treated as a means to an end for Aubrey's benefit; that plaintiff went into legitimate possession of the property; that although he assumed to be the owner of all the rights and interests that Aubrey originally had therein, yet justice and equity required an accounting of trusteeship; that a constructive trust existed and that plaintiff had paid out $2,734.47 over and above all the benefits received by him and with which he was chargeable.

Upon reaching these conclusions the court ordered that, subject to the mortgage of $1,400 upon the property, upon payment by Aubrey to plaintiff of $2,734.47 (in instalments of $50 per month) with interest at the rate of six per cent per annum upon deferred payments, which amount was to be impressed as a lien upon the property, and upon payment of the small balance due on the original contract, Aubrey should receive a warranty deed of the property from the grantor in the contract for a deed. The order further provided that in case of default in the payments the rights of the defendant Aubrey in the premises might be canceled as provided by the Minnesota statutes with reference to the cancelation of a contract for a deed; that defendant Aubrey should give written notice of his acceptance of the terms of the order and that upon such acceptance and within ten days thereafter plaintiff should vacate the premises and turn the same over to defendant; that until Aubrey gave such notice of acceptance, plaintiff should be entitled to remain in possession.

Under the findings of fact, which are amply supported by the evidence, the court might have required Aubrey to make one payment of the entire amount before securing the premises. Under all the circumstances, great leniency and consideration were shown Aubrey in the manner of making payments. He has fared well and has no just cause for complaint.

Judgment affirmed.